UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:03-cr-20387-GAYLES

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**GEORGE BURNS**,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant George Burns's Motion for Compassionate Release (the "Motion") [ECF No. 128]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is denied.

**I.    BACKGROUND**

Defendant is a 53-year-old inmate at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). On December 2, 2003, Defendant pled guilty to possession with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and possession with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). [ECF No. 57]. At sentencing, the Court found that Defendant qualified as a career offender pursuant to § 4B1.1 because of his prior felony convictions for attempted second-degree murder and possession with intent to deliver cocaine.[1] *See* Presentence Investigation Report

---

[1] On May 29, 1992, Defendant was convicted of possession with intent to deliver cocaine. *See* PSI at 12. On April 11, 1995, he was convicted of attempted second-degree murder after shooting two victims, one in the stomach and the other in the right hip. *Id.* at 13.

("PSI") at 7. On March 22, 2004, the Court sentenced Defendant to a 262-month term of imprisonment and a 6-year term of supervised release. [ECF No. 68].

Defendant submitted a request for compassionate release to the warden of FCI Jesup on June 25, 2020. On July 17, 2020, Defendant tested positive for COVID-19. The Bureau of Prisons' ("BOP") medical records indicate that Defendant was asymptomatic, but Defendant claims he suffered ongoing symptoms of COVID-19 in the ensuing months and still suffers from them. [ECF No. 128]. These symptoms include shortness of breath, dizziness, inability to stand for long periods, and kidney pain. *Id.* On August 7, 2020, the warden denied Defendant's request for compassionate release.

In the instant Motion, Defendant asks the Court to grant him compassionate release and modify his sentence of imprisonment to time-served, or alternatively home confinement for the time remaining, followed by the original six-year supervised release period. Defendant states that, considering the recent COVID-19 pandemic, his underlying medical conditions, in conjunction with his age and race, constitute extraordinary and compelling circumstances that warrant compassionate release. His alleged medical conditions include obesity, high blood pressure, prediabetes, and latent tuberculosis. He is scheduled to be released from prison on January 1, 2022. [ECF No. 128 at 2].

**II.     LEGAL STANDARD**

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes,* No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative right to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the

>lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with the applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sent'g Guidelines Manual § 1B1.13(2) (U.S. Sent'g Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) Defendant exhausted his administrative remedies; (2) the § 3553(a) sentencing factors support Defendant's release; (3) extraordinary and compelling reasons warrant the Defendant's request; and (4) the Defendant is not a danger to the safety of other persons or the community. The burden lies with the Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F. 3d 328, 337 (11th Cir. 2013)).

### III. DISCUSSION

The Court agrees with the Government's argument that (1) Defendant's medical conditions do not constitute extraordinary and compelling reasons for his release and (2) he still poses a significant danger to the community. Therefore, the Court denies the Motion for the reasons set forth below.

**A. Defendant fails to establish extraordinary and compelling reasons warranting his early release.**

Though undefined in 18 U.S.C. § 3582(c)(1)(A), extraordinary and compelling reasons under the Sentencing Guidelines include:

**(A) Medical Conditions of the Defendant.**

    (ii) The Defendant is--

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. In response to the recent pandemic, the Centers for Disease Control and Prevention (the "CDC") delineates several conditions and risk factors that increase the risk of contracting COVID-19. *See People Who Are at Higher Risk for Severe Illness*, Ctrs. for Disease Control & Prevention (Apr. 15, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 5, 2021). Conditions and risk factors identified include cancer, kidney disease, heart conditions, and obesity. *Id.*

Defendant argues that his underlying health conditions put him at an increased risk of severe complications if re-infected with COVID-19, thus creating an extraordinary and compelling reason that warrant his compassionate release. Although the Court has acknowledged that obesity and hypertension increases one's risk of contracting a severe case of COVID-19, *see United States v. Vasquez Torres*, No. 19-CR-20342, 2020 WL 4019038, at *4 (S.D. Fla. July 14, 2020) (granting compassionate release since the inmate suffered from diabetes and hypertension, contracted COVID-19 while incarcerated, and was not receiving proper medical care), Defendant's risk of reinfection is speculative. "Mere speculation concerning the risk of reinfection with the virus does not constitute a compelling reason for a sentence reduction." *United States v. Taffe*, No. 16-CR-60300-RAR, 2020 WL 6700445, at *4 (S.D. Fla. Nov. 9, 2020). Accordingly, the Court must

4

determine whether Defendant's medical conditions substantially diminish his ability to provide self-care within the prison based on the evidence before it.

Defendant's medical records do not support Defendant's contention that his medical conditions diminish his ability to provide self-care while incarcerated. Defendant contracted COVID-19 while in federal custody but remained asymptomatic for more than 10 days until he was released from isolation. [ECF No. 128]. Under similar circumstances, this Court has not found the prisoner's medical treatment while incarcerated to be inadequate. *See United States v. Mendoza*, No. 14-CR-60184, 2021 WL 430727, at *5 (S.D. Fla. Feb. 8, 2021) ("Defendant's most recent medical records indicate that he has recovered from COVID-19 and is no longer housed in the isolation unit. . . . [H]is medical records do not reflect that his treatments while incarcerated are inadequate to care for his medical needs, and he otherwise fails to provide to provide any evidence or argument that his health is deteriorating, much less from COVID-19."); *United States v. West*, No. 19-CR-20091-RAR, 2020 WL 9349557, at *3 (S.D. Fla. Dec. 10, 2020) (denying compassionate release because the defendant's high blood pressure and obesity appear to be well-managed while in federal custody); *Taffe*, 2020 WL 6700445, at *4 (denying compassionate release because the defendant already contracted COVID-19, had symptoms but remained stable, and recovered from virus in the care of the BOP); *United States v. Roundtree*, No. 14-cr-20206-BB, 2020 WL 5819541, at *4 ("[E]ven though [defendant] contracted COVID-19 several months ago . . . [h]is medical records do not reflect that his treatments while incarcerated are inadequate to care for his medical needs (past, present, and future) . . . .").

In the absence of evidence that Defendant's medical conditions substantially diminish his ability to provide self-care while in federal custody, the Court cannot conclude he satisfies his burden of demonstrating extraordinary and compelling reasons for compassionate release. Therefore, the Motion must be denied.

### B. Defendant remains a danger to the safety of others and the community.

Even if Defendant could establish extraordinary and compelling reasons warranting his release, the Court finds that he remains a danger to the safety of others and the community. In determining whether Defendant is a danger to the community, the Court must consider: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the Defendant, (3) the history and characteristics of the Defendant, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g). "The Defendant bears the burden of establishing . . . that he no longer represents a danger to any other person or the community." *United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1241 (S.D. Fla. 2020), *aff'd*, 851 F. App'x 956 (11th Cir. 2021) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

Defendant is a career criminal with convictions for violent crimes, including attempted second-degree murder, robbery, and battery.[2] *See* PSI at 9–13. Defendant has also been convicted of several drug offenses and carrying a concealed firearm, which exacerbates the Court's fear of Defendant's recidivism if granted compassionate release. *See United States v. Butler*, 852 F. App'x 503, 506 (11th Cir. 2021) (affirming the district court's denial of compassionate release on the ground that the defendant is a danger to the community because the record shows that defendant had an extensive and violent criminal history and defendant qualified as an armed career offender); *United States v. Wren*, 851 F. App'x 931, 937 (11th Cir. 2021) (affirming the district court's denial of compassionate release because the defendant had a "decades-long criminal career" and "was a recidivism risk."). Therefore, the Court finds that the Defendant remains a danger to the community such that compassionate release is not warranted.

---

[2] On August 3, 1991, Defendant was convicted for battery after striking his girlfriend several times in the head with a firearm. *See* PSI at 11.

Defendant argues that he is not a danger to himself or the public because of his "work and educational history," his "role in protecting a female teacher at the [prison] facility," and "the favorable opinions of three correctional employees who have interacted with him." [ECF No. 128 at 20]. While the Court acknowledges Defendant's progress, Defendant fails to carry his burden of demonstrating he is no longer a danger to the community.

IV. **CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Compassionate Release, [ECF No. 128], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of August 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE